UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| C. MICHELLE DENNISON, individually and as next friend of P.D., a minor child, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-CV-145-TWP-CCS |
| KNOX COUNTY BOARD OF EDUCATION *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared for a telephone conference on May 19, 2017, to address a discovery dispute. Attorney James Friauf appeared on behalf of the Plaintiffs. Attorney David Wigler appeared on behalf of Defendants Ashley Jessie, Kayla Montgomery, and Cheryl Hickman.

The parties' discovery dispute arises from the Plaintiffs' refusal to provide substantive responses to the Defendants' First Set of Admissions, Interrogatories, and Requests for Production of Documents served on the Plaintiffs on April 6, 2017. Specifically, the Plaintiffs responded to the written discovery on May 11, 2017, by objecting to each interrogatory and request for production of documents primarily on the basis that the Defendants already had an opportunity to discover the information sought when Ms. Dennison was deposed. The Defendants argue that discovery may proceed in any sequence and that the information requested is relevant and proportional to the Plaintiffs' claims. During the telephone conference, the parties informed the Court that they had worked out their dispute relating to Interrogatory 1. In this regard, the Plaintiffs

agreed to supplement their response to Admission 17, and the Defendants agreed that this would resolve the parties' dispute concerning Interrogatory 1.

After reviewing the Defendants' written discovery and the Plaintiffs' objections, and in light of the arguments presented during the conference call, the Court finds that the Defendants are entitled to conduct written discovery despite depositions having taken place. *See* Fed. R. Civ. P. 26(d)(3)(A) (unless the parties stipulate otherwise or by order of the court, the "methods of discovery may be used in any sequence."). Moreover, in balancing the importance of the information sought against the burden of production, the Court finds that the time and cost placed on the Plaintiffs in answering the Defendants' written discovery is minimal. The Plaintiffs are admonished that the failure to turn over discovery may result in the Plaintiffs being prohibited from using the same at trial. Accordingly, the Plaintiffs are **ORDERED** to provide full and complete responses to the Defendants' interrogatories and requests for production of documents on or before **June 2, 2017**. The Court notes that Plaintiffs' counsel agreed to speak with defense counsel by phone next week in an effort to identify the specific information sought.

Finally, the parties addressed the Plaintiffs' recently filed Motion to Amend Response to Request for Admission [Doc. 74]. The Defendants stated they did not have any objection to the motion. Therefore, the Court finds the Motion to Amend Response to Request for Admission [**Doc. 74**] is well-taken, and the same is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge